1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDRE Z. LUCAS,                                No.  2:14-cv-2357-WBS-EFB P

12                   Petitioner,

13          v.                                       FINDINGS AND RECOMMENDATIONS

14   TAMI HOLT,

15                   Respondent.[1]

16

17          Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas

18   corpus under 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as untimely.  ECF No.

19   15.  For the reasons that follow, the motion must be granted.

20      **I.      Background**

21          Petitioner was convicted of various charges in 2007.  Documents Lodged in Support of

22   Respondent's Motion to Dismiss (consisting of petitioner's court records and hereinafter cited as

23   "Lodg. Docs."), No. 1 (petitioner's abstract of judgment); ECF No. 16 (notice of lodging

24   documents in paper).  The conviction on one charge and one enhancement was vacated on appeal,

25          [1] Petitioner is incarcerated at Taft Modified Community Correctional Facility, where Tami
26   Hold is the warden.  Accordingly, the court substitutes Tami Holt as respondent in this matter.
     Rule 2(a), Rules Governing Habeas Corpus Cases Under § 2254 ("A petitioner for habeas corpus
27   relief must name the state officer having custody of him or her as the respondent to the petition");
     *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("The proper respondent in a
28   federal habeas corpus petition is the petitioner's 'immediate custodian.'").

1

and petitioner did not seek review in the California Supreme Court.  Lodg. Doc. No. 3.  The trial court resentenced petitioner on January 22, 2010.  Lodg. Doc. No. 4.  Petitioner initially appealed the resentencing but dismissed the appeal on May 20, 2010.  Lodg. Doc. No. 5.  Petitioner did not seek further direct review, and the judgment became final 40 days later.  28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.366; Cal. R. Ct. 8.500.

Petitioner did, however, file three separate "rounds" of collateral attack on his conviction and/or sentence.  *See Welch v. Carey*, 350 F.3d 1079, 1082-83 (9th Cir. 2003) (explaining that a "round" of habeas review in California constitutes the completion of review of a petition through the state's post-conviction review process, which generally begins with a petition in the state trial court followed by petitions at progressively higher court levels).

Petitioner's First Round of State Habeas Petitions.  The first round began with a petition filed on August 21, 2010[2] in the El Dorado County Superior Court (Case No. SC20100212) in which petitioner claimed that: (1) his confession had been involuntary due to his intoxication; (2) insufficient evidence was adduced at trial to support the conviction; and (3) his trial counsel had rendered ineffective assistance by failing to move the trial court to dismiss the case for insufficient evidence.  Lodg. Doc. No. 6.  The petition was denied on September 9, 2010.  Lodg. Doc. No. 7.

On November 7, 2010, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District (Case No. C066598) raising the same claims.  Lodg. Doc. No. 8.  That petition was denied on November 18, 2010.  Lodg. Doc. No. 9.

On January 20, 2011, petitioner sought habeas review in the California Supreme Court, raising the same claims plus additional claims of ineffective assistance of trial counsel.  Lodg. Doc. No. 10.  The court denied the petition on June 29, 2011 with citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995), *In re Waltreus*, 62 Cal.2d 218, 225 (1965), *In re Swain*, 34 Cal.2d 300, 304 (1949), and *In re Lindley*, 29 Cal.2d 709, 723 (1947).  Lodg. Doc. No. 11.

---

[2] Filing dates herein are based on the "mailbox rule"; i.e., the earlier of the date petitioner signed them or the date on the proofs of service.  *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

1    <u>Petitioner's Second Round of State Habeas Petitions.</u>  Petitioner's second round of state

2    collateral review began on August 27, 2011 with the filing of a motion to strike a prior conviction

3    in the El Dorado County Superior Court.  Lodg. Doc. No. 12.  The motion was denied on

4    September 20, 2011, the court concluding that the motion was improper because petitioner had

5    the opportunity at his trial (which he took) to challenge the prior conviction.  Lodg. Doc. No. 13.

6        On November 27, 2011, petitioner filed a habeas petition in the Third District Court of

7    Appeal, Case No. C069755, arguing that his sentence had been unlawfully enhanced on the basis

8    of the allegedly unconstitutional prior conviction and that trial counsel had rendered ineffective

9    assistance by failing to properly investigate his guilty plea in the prior case.  Lodg. Doc. No. 14.

10   The court denied the petition without opinion on December 8, 2011.  Lodg. Doc. No. 15.

11       Petitioner filed an identical habeas petition in the California Supreme Court on February

12   12, 2012.  Lodg. Doc. No. 16.  The court denied the petition on May 16, 2012 with citation to *In*

13   *re Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Clark*, 5 Cal.4th 750, 767-69 (1993).  Lodg.

14   Doc. No. 17.

15       <u>Petitioner's Third Round of State Habeas Petitions.</u>  Petitioner initiated the third round of

16   collateral review on May 28, 2013 with a habeas petition in the El Dorado County Superior Court

17   arguing that his sentence was constitutionally infirm because a jury did not determine whether

18   there were sufficient aggravating factors to warrant imposition of the upper term.  Lodg. Docs.

19   Nos. 18, 19.  The court denied the petition on June 10, 2013, finding the argument meritless and

20   also procedurally barred because it could have been raised on appeal.  Lodg. Doc. No. 19.

21       Petitioner filed a habeas petition in the Third District Court of Appeal on the same

22   grounds on July 22, 2013.  Lodg. Doc. No. 20.  The court denied the petition on August 1, 2013

23   with citation to *People v. Sandoval*, 41 Cal.4th 825 (2007), *People v. Frandsen*, 196 Cal.App.4th

24   266, 278-79 (2011), and *People v. Jones*, 178 Cal.App.4th 853, 866-67 (2009).

25       On September 9, 2013, petitioner filed a habeas petition on the same grounds in the

26   California Supreme Court.  Lodg. Doc. No. 21.  The court denied the petition with citation to *In*

27   *re Dixon*, 41 Cal.2d 756, 759 (1953).

28   /////

                                              3

1        <u>This Action.</u>  Petitioner filed this action on September 30, 2014.  ECF No. 1.  (He had

2    filed and voluntarily dismissed a prior federal petition on July 30, 2012 and January 16, 2013,

3    respectively.  Lodg Docs. Nos. 19-21.)  His arguments here are the same as those presented in his

4    third round of state collateral proceedings.

5        **II.     The Limitations Period**

6        Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year

7    limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the

8    judgment became final on direct review or the expiration of the time for seeking such review (or

9    April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which

10   a state-created impediment to filing is removed, (3) the date the United States Supreme Court

11   makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which

12   the factual predicate of a claim could have been discovered through the exercise of due diligence.

13   28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).  There is no

14   argument here that the limitations period should be based § 2244(d)(1)(B), (C), or (D) (the

15   second, third, and fourth provisions just described).  Accordingly, the court must compute the

16   limitations period beginning on the date that petitioner's judgment became final on direct review

17   or the expiration of the time for seeking direct review, subject to the tolling principles explained

18   below.

19       **a.  <u>Statutory Tolling</u>**

20       No statute tolls the limitations period "from the time a final decision is issued on direct

21   state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183

22   F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction

23   application prior to the expiration of the limitations period, the period is tolled and remains tolled

24   for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is

25   'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

26   rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed

27   post-conviction application is "pending" during the intervals between a lower court decision and

28   the filing of a new petition in a higher court if the second petition was filed within a "reasonable

1  time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*,

2  692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir.

3  2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the

4  Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement,"

5  and are, without adequate explanation, unreasonable under California law).

6    A federal habeas application does not provide a basis for statutory tolling, *Duncan v.*

7  *Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations

8  period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

9    A petitioner may be entitled to statutory tolling for the time that additional rounds of state

10  habeas petitions are pending (provided they were filed prior to the expiration of the limitations

11  period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79

12  (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For tolling to be applied

13  based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly

14  successive. *Porter*, 620 F.3d at 958.

15     **b.**  **Equitable Tolling**

16    The limitations period may also be equitably tolled where a habeas petitioner establishes

17  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18  circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631

19  (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v.*

20  *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.

21  2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions

22  swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable

23  tolling may be applied only where a petitioner shows that some external force caused the

24  untimeliness. *Id.*

25  /////

26  /////

27  /////

28  /////

1          **c.  The Equitable Exception for Innocence**

2          In addition, the statute of limitations is subject to an actual innocence exception.[3]  A

3  petitioner may have his untimely filed case heard on the merits if he can persuade the district

4  court that it is more likely than not that no reasonable juror would have convicted him.

5  *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d

6  929, 937 (9th Cir. 2011) (en banc).  "Unexplained delay in presenting new evidence bears on the

7  determination whether the petitioner has made the requisite showing."  *McQuiggin*, 133 S. Ct. at

8  1935.  For example, the "court may consider how the timing of the submission and the likely

9  credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence.

10 *Id*.

11     **III.     Analysis**

12         Respondent argues that the petition is untimely under AEDPA.  For the reasons that

13 follow, the court agrees.

14         As noted above, the limitations period in this case began on the date petitioner's judgment

15 became final by the conclusion of direct review or the time for seeking such review, under 28

16 U.S.C. § 2244(d)(1)(A).  Respondent claims that, under California Rule of Court 8.500,

17 petitioner's appeal became final 10 days after the California Court of Appeal dismissed his appeal

18 of his resentencing, because petitioner had that amount of time to seek review in the California

19 Supreme Court.  The California Rules of Court actually provide a longer time to seek review,

20 however.  Under Court Rule 8.366(b), the decision in petitioner's appeal did not become final

21 until 30 days after the date it was filed.  Under Rule 8.500(e), petitioner had 10 days from that

22 date (rather than from the date of the dismissal) to seek review in the state supreme court.

23 Accordingly, petitioner's judgment became final 40 days after the appellate court dismissed his

24 appeal on May 20, 2010, giving a final date of June 29, 2010.  Accordingly, absent tolling, the

25 /////

26 _____

27          [3] This exception is also known variably as the "miscarriage of justice" exception and the
"*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court
held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a
28 determination on the merits of his petition if he made the requisite showing of actual innocence.

1  limitations period would have ended on June 29, 2011, well before the filing of this action in

2  2014.

3         **a.  <u>Statutory Tolling</u>**

4        Petitioner is entitled to some periods of statutory tolling, however.  He filed his first state

5  habeas petition on August 21, 2010.  53 days of the limitations period had elapsed in the interim.

6  Respondent does not argue that petitioner's other two petitions in this initial round were untimely,

7  so the limitations period was tolled between August 21, 2010 and the California Supreme Court's

8  denial of the third petition on June 29, 2011.  Because there is no tolling of the limitations period

9  between separate rounds of state collateral review, 59 days of the limitations period passed

10  between the denial of the third petition and the filing of the fourth petition (the first in the second

11  round) on August 27, 2011.

12        Respondent argues that the court should not toll the limitations period between the denial

13  of the fourth petition on September 20, 2011 and the filing of the fifth petition on November 27,

14  2011, because petitioner's delay of 68 days in between was unreasonable.  The U.S. Supreme

15  Court considered the timeliness of subsequent California habeas petitions in *Evans v. Chavis*, 546

16  U.S. 189 (2006).  The Court held that, in determining the timeliness of such a petition, a court

17  must first look to whether the state court that reviewed the petition found it untimely.  *Id.* at 198;

18  *see also Pace*, 544 U.S. at 414.  If the state court found the petition untimely, then it was not filed

19  within a reasonable time for federal tolling purposes, regardless of whether the state court also

20  reviewed the petition on the merits.  *Pace*, 544 U.S. at 414.  If the state court was silent as to

21  timeliness, then the federal court must determine whether the state petition was filed within a time

22  that California courts would consider "reasonable."  *Evans*, 126 S. Ct. at 198.  The *Evans* Court

23  held that an unexplained, and "hence unjustified," six-month delay between habeas filings in a

24  single round was unreasonable, and indicated that a delay of up to 60 days may be per se

25  reasonable while a longer delay may be per se unreasonable.  *Id.* at 201.

26        Here, the California Court of Appeal did not indicate whether or not it considered

27  petitioner's petition untimely.  Thus, if necessary to the determination of the limitations issue, this

28  court must decide whether petitioner's 68-day delay was reasonable.

1   Courts in this circuit have not come to uniform conclusions when faced with delays just

2   outside of that 60-day window.  Some have found similar delays reasonable, particularly where

3   the petitioner used the gap between petitions to revise the petition.  *E.g.*, *Warburton v. Walker*,

4   548 F. Supp. 2d 835, 840 (C.D. Cal. 2008) (69-day delay reasonable where the petitioner used the

5   gap to refine his arguments and provide further factual and legal support for his claims); *Young v.*

6   *Sisto*, No. S-11-0166 JAM CKD P, 2012 U.S. Dist. LEXIS 5008, at *22-23 (E.D. Cal. Jan. 17,

7   2012) (77-day delay was reasonable because it was less than the six-month period the Supreme

8   Court found unreasonable in *Evans* and the 101-day period found unreasonable by the Ninth

9   Circuit in *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010)); *Terrell v. Woodford*, No. CIV-07-

10  0784 LKK EFB P, 2008 U.S. Dist. LEXIS 13390, at *17-18 (E.D. Cal. Feb. 22, 2008) (68-day

11  delay was reasonable where respondent did not argue that the state court viewed the second

12  petition as untimely).  Other courts have found similar gaps unreasonable, particularly those that

13  are unexplained.  *E.g., Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1137, 1141 (C.D. Cal. 2006)

14  (unexplained 71-day gap was unreasonable); *Marshall v. Ayers*, No. C 07-0478 JF (PR), 2008

15  U.S. Dist. LEXIS 111441, at *6-7 (N.D. Cal. July 23, 2008) (unexplained 68-day gap was

16  unreasonable).  Petitioner offers no explanation for the gap at issue here, but petitioner did revise

17  the petition in that period; the fifth petition is a typed and somewhat simplified presentation of the

18  issue raised in the fourth.  *Compare* Lodg. Doc. No. 12 *with* Lodg. Doc. No. 14.

19   Thus, whether the 68-day gap between the fourth and fifth petitions should be tolled

20  presents a close question.  The court need not resolve this question, however, because the petition

21  is untimely even if the limitations period is tolled for that gap.  Assuming the 68-day gap to be

22  reasonable, the limitations period was tolled from the filing of the fourth petition on August 27,

23  2011 through the denial of the fifth petition on December 8, 2011.

24   As respondent argues, the limitations period was not tolled between that date and the

25  filing of the sixth petition in the California Supreme Court, nor during the pendency of the sixth

26  petition, because the state court expressly found the sixth petition to be untimely through its

27  citation to *In re Robbins*, 18 Cal.4th 770 (1998), at page 780.  In *Thorson v. Palmer*, the Ninth

28  Circuit held that a citation to *Robbins* at page 780 constitutes "a clear ruling" that the state court

8

1   considered the petition untimely.  479 F.3d 643, 645 (9th Cir. 2007).  Thus, 160 days of the

2   limitations period passed between the denial of the fifth petition on December 8, 2011 and the

3   denial of the sixth petition on May 16, 2012.

4        At this point, 272 days of the limitations period had elapsed (53 days between final

5   judgment and first habeas + 59 days between first and second habeas rounds + 160 days between

6   denial of fifth and sixth petitions).  Petitioner had 93 days from that date (272 + 93 = 365), or

7   until October 24, 2012, to file his federal petition or another round of state petitions.  He did not

8   file his next state petition until May 28, 2013 and this action until July 11, 2014.  Accordingly,

9   absent some other grounds for tolling, the petition is untimely.

10                **b.  Equitable Tolling**

11        In his opposition filings, petitioner states simply that "clear and undisputable error

12   negatively effecting punishment and imprisonment on the part of any court should warrant review

13   and correcting in the interest of justice and fairness whenever the error is detected and can be

14   corrected."  ECF No. 18 at 2.  Petitioner adds that a 1966 California Supreme Court decision held

15   that a challenge to a sentence in excess of that allowed by law should be decided even though the

16   original sentencing had occurred 20 years earlier.  ECF No. 19 at 2.  Petitioner does not explain

17   his delay in filing nor indicate how he was diligently pursuing his rights as the federal limitations

18   period was expiring.  The state case cited by petitioner has nothing to say about the application of

19   the federal limitations period.  Accordingly, petitioner has not shown that limitations period

20   should be tolled on equitable grounds.

21                **c.  The Equitable Exception for Innocence**

22        Petitioner makes no claim in his opposition briefs that he is actually innocent of the

23   underlying crimes, much less show that it is more likely than not that no reasonable juror would

24   have convicted him.  Accordingly, there is no cause to excuse petitioner's failure to comply with

25   the statute of limitations on this ground.

26   /////

27   /////

28   /////

9

1    **IV.    Recommendation**

2        The petition is untimely.  Accordingly, it is recommended that respondent's February 20,

3   2015 motion to dismiss (ECF No. 15) be granted.

4        These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

11   his objections petitioner may address whether a certificate of appealability should issue in the

12   event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254

13   Cases (the district court must issue or deny a certificate of appealability when it enters a final

14   order adverse to the applicant).

15   DATED:  August 26, 2015.

16                     EDMUND F. BRENNAN

17                     UNITED STATES MAGISTRATE JUDGE